In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-104 CR


____________________



RICHARD MARTIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. 8866






OPINION


 A jury convicted Richard Martin of the felony offense of Driving While Intoxicated
("DWI") with an alleged offense date of April 18, 2003. See Tex. Pen. Code Ann. §§
49.04(a), 49.09(b)(2) (Vernon 2003 and Supp. 2005). Alleged along with the primary
offense were two previous DWI convictions by Martin: one conviction in October of 1996,
out of Harris County, Texas, and the other in July of 2000, also out of Harris County,
Texas. These prior convictions enhanced Martin's potential punishment to that of a third
degree felony. See Tex. Pen. Code Ann. § 49.09(b)(2), (c)(1)(A) (Vernon Supp. 2005). 
The jury assessed Martin's punishment at confinement in the Texas Department of
Criminal Justice - Correctional Institutions Division for a term of three years, but assessed
no fine. The jury also recommended that the imposition of Martin's confinement be
suspended and that Martin be placed on community supervision. Punishment was so
assessed by the trial court with the court suspending imposition of confinement for a period
of three years, and adding the additional statutorily mandated 10-day confinement in the
county-jail facility. See Tex. Code Crim. Proc. Ann. art. 42.12, § 13(a)(1) (Vernon
Supp. 2005). 

 Martin presents us with two appellate issues, viz: 

 1. The trial court committed error by failing to properly charge the jury at
guilt/innocence on the applicable law in violation of Tex. Code Crim. Proc.
Ann., art. 36.14 (Vernon 2001) as the jury charge failed to charge the jury
that any person who is intoxicated while driving or operating a motor vehicle
in a public place, and who has previously been convicted two times or more
of being intoxicated while operating or driving a motor vehicle in a public
place shall be guilty of a felony.


 2. The trial court committed error by failing to apply the law to the facts in
the jury charge at the guilt/innocence phase of trial in violation of Tex. Code
Crim. Proc. Ann., art. 36.14 (Vernon 2001), regarding the necessity to find
Appellant guilty of the two prior driving while intoxicated convictions in
order to convict him of felony driving while intoxicated.



 The record reflects that on the morning of trial, Martin entered into a stipulation of
evidence admitting to his convictions in the two prior DWI offenses out of Harris County
as alleged in the indictment. By this stipulation to the prior convictions, appellant
apparently intended to eliminate the State's need to offer any evidence to meet the
jurisdictional requirement. The law on the issue, however, is to the contrary, as was
recognized by the trial court. See Tamez v. State, 11 S.W.3d 198, 201-03 (Tex. Crim.
App. 2000) (when prior convictions used to elevate misdemeanor to felony, said
convictions must be pleaded in indictment for trial court to gain jurisdiction; jurisdiction
vests when State's pleadings containing the requisite number of prior convictions are
submitted to trial court). At any rate, Martin's stipulation was not introduced into
evidence during the guilt/innocence phase of the trial nor was the jury informed of its
existence. The jury was, however, made aware of the two prior convictions at the time
of the State's reading of the indictment at the start of the trial. See Tex. Code Crim.
Proc. Ann. art. 36.01(a)(1) (Vernon Supp. 2005). The trial court's written instructions
to the jury made no mention of Martin's stipulation nor did the instructions incorporate the
two prior convictions into either the abstract definition portion or the application
paragraph. The verdict form does indicate that the jury found Martin "guilty of the felony
offense of driving while intoxicated as charged in the indictment." 

 Since Martin submits one argument and one set of authorities for both appellate
issues, we will address both issues together. At the outset, we note that the crux of
Martin's complaint is jury-charge error, not lack of legally sufficient evidence to sustain
his conviction. Martin correctly acknowledges the recent case, Bryant v. State, No. PD-672-04, 2005 WL 765840, at *3-4 (Tex. Crim. App. April 6, 2005), which held that
Bryant was barred from raising legal insufficiency of evidence that he committed felony
DWI when the State tendered no evidence of the two prior jurisdictional DWI's to the jury. 
In essence, the Court's holding in Bryant was not that the stipulation in itself provided
legally sufficient evidence of the two prior DWI's, but that, because Bryant formally
stipulated to his two previous DWI convictions, he was absolutely precluded from raising
an insufficient evidence issue on appeal as to the facts stipulated. Id. at *4. As such, the
Court of Criminal Appeals found it to be "inappropriate" to reach the merits of whether
legally sufficient evidence existed to sustain Bryant's felony DWI conviction. Id. Bryant,
therefore, bars Martin from raising an issue on legal insufficiency to sustain his conviction. 
 In Bryant, jury-charge error was neither raised nor mentioned. Martin's issues, on
the other hand, do focus on the alleged deficiencies in the trial court's written jury
instructions. Martin contends the instructions "improperly stated the law regarding the
proof required to convict for felony driving while intoxicated," and that the application
paragraph failed to require the jury "to find that Appellant had previously been convicted
of two prior DWI offenses in order to find him guilty of the felony offense of driving while
intoxicated." Martin also correctly recognizes that if error is found in the written
instructions to the jury, any harm must be "egregious" for the error to be reversible as
Martin failed to make an objection to the instructions on the same basis he is now raising
on appeal. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on
reh'g). The State is incorrect in urging that Bryant "is directly on point to the instant
case[,]" and is also incorrect in contending that the deficiencies Martin raises regarding
the jury instructions were the result of Martin's own requested omissions. The record
indicates that following a number of requested grounds for directed verdict of acquittal,
Martin then raised two objections to the proposed jury instructions, neither of which
involved the stipulation or the prior convictions. Therefore, as any alleged jury-charge
error was not procured by Martin, he is not subject to the procedural default consequences
discussed in Prystash v. State, 3 S.W.3d 522, 532 (Tex. Crim. App. 1999). 

 In Bryant, the Court likened Bryant's stipulation of his two prior DWI convictions
to "a kind of judicial admission," which is distinguishable from an evidentiary admission. 
Bryant, 2005 WL 765840, at *2. Relying on recognized treatises on the law of evidence,
the Court then clarified this distinction, noting that "judicial admissions" are not evidence
at all, but, when present in the form of either concessions in pleadings or stipulations by
a party or counsel, have the effect of withdrawing a fact from issue and dispensing wholly
with the need for proof of the fact. Id. Indeed, citing to Wigmore, the Bryant Court
recognized that a party's stipulation to the truth of some alleged fact has the effect of a
"confessory pleading," in that the fact is thereafter to be taken for granted, removing from
the opposing party the burden of producing evidence to prove it, and barring the stipulating
party from attempting to disprove it. Id. at *3. Thus, when Martin's stipulation was
executed and accepted by the State and the trial court, the burden to produce evidence of
Martin's two previous DWI convictions was removed. For all practical matters, the
State's burden of production was reduced to that of simply proving the elements of the
underlying April 18, 2003, DWI. 

 Code of Criminal Procedure articles 36.14, "Charge of Court," and 36.19, "Review
of Charge on Appeal," govern submission of jury instructions and determination of "error"
in the charge. See Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2005); Tex.
Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); Huizar v. State, 12 S.W.3d 479, 483
(Tex. Crim. App. 2000). Article 36.14 provides in part that the trial court shall include
in the jury charge "the law applicable to the case." See art. 36.14. In the instant case,
because of Martin's pretrial stipulation to his two prior Harris County DWI convictions,
the fact of these prior convictions was withdrawn from any issue in the case and wholly
dispensed with the need for proof of those convictions by the State to the jury. See Bryant,
2005 WL 765840, at *2. As such, Martin's prior convictions were no longer "the law
applicable to the case" for purposes of complying with articles 36.14 and 36.19. It was
therefore unnecessary for the trial court to include in the jury's instructions any issue
regarding the stipulated prior convictions. See Huizar, 12 S.W.3d at 483; see also
Hammock v. State, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001) (because the evidence in
question was admitted to the jury for all purposes, a limiting instruction on the evidence
was not "law applicable to the case," and the trial court was not required to include a
limiting instruction in the charge to the jury). We, therefore, find no error in the trial
court's written instructions to the jury. Martin's appellate issues are overruled and the trial
court's judgment is affirmed.

 AFFIRMED.



 ______________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on September 29, 2005

Opinion Delivered November 2, 2005

Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.