**Clarence Randolph BRYANT, Appellant,**

v.

**The STATE of Texas.**

**No. PD–672–04.**

Court of Criminal Appeals of Texas.

April 6, 2005.

---

Stan Schwieger, Waco, for appellant.

Jeffrey L. Van Horn, First Assistant State's Attorney, Matthew Paul, State's Attorney, Austin, for State.

1. 11 S.W.3d 198 (Tex.Crim.App.2000).

## OPINION

KEASLER, J., delivered the opinion of the Court joined by KELLER, P.J., and PRICE, WOMACK, HERVEY, HOLCOMB, and COCHRAN, JJ.

Before his trial for driving while intoxicated, Clarence Randolph Bryant stipulated to two prior DWI convictions. The State agreed to the stipulation, but the stipulation was not admitted into evidence. On appeal, Bryant argued that the evidence was insufficient to convict because the State failed to offer proof of the stipulated prior convictions. We conclude that Bryant's stipulation bars him from bringing this claim on appeal.

### Procedural History

Bryant was charged by indictment with driving while intoxicated on March 1, 2001. To elevate the offense to a felony, the indictment alleged seven previous DWI convictions, dating from 1998 to 1979. In an enhancement paragraph, the indictment alleged that Bryan was previously convicted of two additional DWIs in 1986 and 1993.

Before trial, Bryant filed a "Defendant's Stipulation as to Jurisdictional Prior Convictions Pursuant to *Tamez v. State*[1]." In the document, Bryant stated that, "in order to prevent the Defendant from being unnecessarily and improperly prejudiced by the admission of more than the required two jurisdictional prior DWI convictions, Defendant will stipulate to the convictions" in two separate cause numbers, the 1991 and the 1998 offenses. The stipulation further stated that "[t]hese stipulations are contingent upon the State being precluded from referring to the existence of, or providing proof of, any other alleged priors contained in the indictment at the guilt/innocence phase of trial."

Bryant pleaded not guilty and went to trial. On the morning of trial, the following occurred:

The Court: Counsel, I have been presented with a stipulation.

[Defense counsel]: Your Honor, we are discussing that right now, if we could have a moment.

Off the record discussion.

[Prosecutor]: I guess we'll stipulate—well, we will agree to stipulate to the ninety-one and ninety-eight convictions, both being in Wichita County.

[Defense counsel]: And does the State further agree not to refer to any of the other five?

The Court: If you'll read the indictment down in the operative paragraph, and that the Defendant had previously been convicted at least two times of an offense related to the operating of a motor vehicle, to wit, and then read on October 2nd, 1991, et cetera.

[Prosecutor]: Yes, sir.

The Court: All right.

[Defense counsel]: Your Honor, we would ask that the word at least two times be stricken and that has been previously convicted of the follow—then read those two. That way it does not intimate—

The Court: All right. We'll—we'll go by what the statute says, it says has been convicted two times of an offense.

[Defense counsel]: Your Honor, they'll furthermore not be able [to] put on any proof of the conviction of those two in guilt/innocence—

The Court: I think—

[Defense counsel]: —I think those have—the State—

The Court: —let me hear what they are saying.

[Prosecutor]: That's—that's a false statement. He's been convicted seven times.

[Prosecutor]: We are just not going to read anything—we're not going to say how many times.

The Court: Okay.

[Defense counsel]: Right. I think that the State—

The Court: Has been—has been previously—had previously been convicted of offenses relating to the operating of a motor vehicle while intoxicated, is that they way you want to read it?

[Defense counsel]: Yes, sir, Your Honor, then further in—they are allowed to read that, but not—not allowed to put on proof of the convictions during the guilt/innocence.

The Court: Counsel, I am aware of that. I think we are ready to seat the jury.

The court's charge instructed the jury that "[t]he defendant has stipulated before the Court that he previously was convicted two times of the offense of driving while intoxicated . . . and you are instructed to find that the defendant has been previously convicted of those offenses." Neither the State nor Bryant objected to this language.

The jury found Bryant guilty. At sentencing, Bryant pleaded true to the enhancement allegations. The judgments of all the prior convictions were admitted. The jury sentenced Bryant to 65 years in prison.

## Court of Appeals

Bryant appealed, arguing in a single point of error that the evidence is legally insufficient to prove that he committed felony DWI when the jury did not receive any evidence of the two prior jurisdictional

DWI's. The Court of Appeals agreed.[2] It held that "the prior convictions are elements of the offense of felony DWI which the State must prove beyond a reasonable doubt"[3] and that "[t]he State can satisfy this obligation at trial either by offering in evidence certified copies of the judgments or a stipulation."[4] Since the stipulation was never admitted into evidence, and no other evidence of the priors was admitted, the State failed to prove the priors beyond a reasonable doubt. The appellate court rendered judgment of acquittal.[5]

In dissent, Justice Gray contended that "Bryant got what he wanted" and should not be heard to complain about it now.[6]

On rehearing, the State argued that Bryant's stipulation prevented him from contesting the sufficiency of the evidence to prove the prior convictions. The appellate court denied the State's motion for rehearing.

We granted the State's petition for discretionary review on three grounds: (1) whether Bryant is barred from raising this claim because of his stipulation; (2) whether the stipulation had to be admitted into evidence to be effective; and (3) whether the State should be permitted to re-try Bryant. Because of our resolution of the first ground, we need not reach the others.

2. *Bryant v. State*, 135 S.W.3d 130 (Tex.App.-Waco 2004).

3. *Id.* at 134.

4. *Id.*

5. *Id.* at 136.

6. *Id.* at 137 (Gray, J., dissenting).

7. *See, e.g., Strother v. State*, 619 S.W.2d 177 (Tex.Crim.App.1981); *Shepherd v. Ledford*, 926 S.W.2d 405, 411 (Tex.App.-Fort Worth 1996), *aff'd*, 962 S.W.2d 28 (Tex.1998); *Valle-*

## Analysis

A defendant in a criminal case may stipulate to evidence against him. If the defendant elects to do this, his stipulation is a kind of judicial admission.[7] McCormick explains that a judicial admission is to be distinguished from an evidentiary admission:

> Judicial admissions are not evidence at all. Rather, they are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.[8]

Wigmore adds that a "[a] fact that is judicially admitted needs no evidence from the party benefitting by the admission."[9] He elaborates:

> An express waiver, made in court or prepatory to trial, by the party or his attorney, conceding for the purposes of the trial the truth of some alleged fact, has the effect of a confessory pleading, in that the fact is thereafter to be taken for granted; so that the one party need offer no evidence to prove it, and the other is not allowed to disprove it. This is what is commonly termed a solemn— i.e., ceremonial or formal—or judicial admission, or stipulation. It is, in truth, a substitute for evidence, in that it does away with the need for evidence.[10]

*jos v. C.E. Glass Co.*, 583 F.2d 507, 510 (10th Cir.1978); *Gardner v. State*, 668 So.2d 164, 165 (Ala.Crim.App.1995); *Rickert v. Rickert*, 282 N.C. 373, 379, 193 S.E.2d 79 (1972).

8. 2 JOHN W. STRONG, ET AL., MCCORMICK ON EVIDENCE § 255 (5th ed.1999). *See also Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir.2001); *Carrasco v. State*, 154 S.W.3d 127, 131 n. 10 (Tex.Crim.App.2005) (Cochran, J., concurring).

9. 9 WIGMORE ON EVIDENCE § 2591 (3d ed.1940) (emphasis deleted).

10. *Id.* at § 2588 (emphasis deleted).

These concepts have been applied to cases in which the defendant stipulates to his prior convictions—most recently, in *Harrison v. United States.*[11] There, the defendant was charged with unlawful possession of a firearm. Before trial, he stipulated that the firearm had been transported in interstate commerce and that he had a prior conviction. At trial, the government referred to the stipulations in opening statement, but the stipulations themselves were never read to the jury, nor was any evidence regarding them admitted. Before closing arguments, the defendant moved for a directed verdict of acquittal, which the trial judge denied. The defendant re-urged his argument on appeal that because the government failed to read the stipulations, there was insufficient evidence to convict.

The Court of Appeals for the D.C. Circuit disagreed. It explained that "[u]pon entering into a stipulation on an element, a defendant waives his right to put the government to its proof of that element."[12] It relied in part on the Fifth Circuit's decision in *United States v. Branch.*[13] In that case, the Fifth Circuit held that "[o]nce a stipulation is entered, even in a criminal case, the government is relieved of its burden to prove the fact which has been stipulated by the parties."[14] As a result, the court held, the defendant could not "now claim that the government failed to offer evidence on an element to which he confessed."[15]

■ Bryant argues that, despite the *Branch* court's language to the contrary, these principles do not apply in criminal cases. He relies on *Sullivan v. Louisiana*[16] for the proposition that a judge may not "direct a verdict for the State, no matter how overwhelming the evidence."[17] Of course, that case involved a jury-charge issue, not a stipulation. We find *Harrison* and *Branch* to be more on point. The issue is not whether the State proved its case, but whether Bryant may argue that the State failed to prove its case on an element to which he stipulated. He may not. By stipulating, Bryant "waived any right to contest the absence of proof on the stipulated elements."[18]

Bryant also argues that the content of his stipulation did not prevent the State from admitting evidence of his prior conviction, so the State should not be excused for failing to offer such proof. Bryant explains that his written stipulation was contingent upon the State being precluded from offering proof of "any other alleged priors," not the two prior convictions to which he stipulated. This is true. But when the stipulation was discussed before the judge, Bryant changed his position. At that time, he argued that the State should not be permitted to put on proof of the two prior convictions to which he stipulated. Additionally, even if Bryant's written stipulation controlled, his request concerning proof of "any other alleged priors"

---

**11.** 204 F.3d 236 (D.C.Cir.), *cert. denied,* 531 U.S. 911, 121 S.Ct. 262, 148 L.Ed.2d 190 (2000). *See also United States v. Meade,* 175 F.3d 215, 223 (1st Cir.1999); *United States v. Mason,* 85 F.3d 471, 472–73 (10th Cir.1996); *United States v. Reedy,* 990 F.2d 167, 169 (4th Cir.1993), *cert. denied,* 510 U.S. 875, 114 S.Ct. 210, 126 L.Ed.2d 166 (1993).

**12.** *Harrison,* 204 F.3d at 240, *citing* WIGMORE at § 2588.

**13.** 46 F.3d 440 (5th Cir.1995).

**14.** *Id.* at 442.

**15.** *Id.*

**16.** 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

**17.** *Id.* at 277, 113 S.Ct. 2078.

**18.** *Harrison,* 204 F.3d at 240.

does not alter the fact that he stipulated to the truth of two prior convictions. It is this stipulation which prevents him from arguing on appeal that the State failed to prove those two convictions.

Finally, in her concurring opinion, Judge Johnson argues that we must address the State's second ground for review before reaching the first. She claims that we must first decide whether a stipulation has to be admitted into evidence in order to be effective before we can decide whether Bryant is barred from raising his claim. We disagree. In its second ground for review, the State argues that the stipulation did not need to be admitted into evidence in order to be "effective"—that is, in order for the evidence to be sufficient to convict Bryant of felony DWI. And that is the claim that Bryant raised on appeal— that the evidence is insufficient to convict him. But before reaching the merits of that claim, we must decide the State's first ground for review—whether Bryant is barred from bringing the claim in the first place. We conclude that he is. As a result, it is inappropriate to reach the merits of Bryant's underlying claim, which is also presented in the State's second ground for review.

### Conclusion

 Bryant stipulated to his prior convictions. This was a judicial admission which removed the need for proof of those convictions. By entering into that stipulation, Bryant waived "his right to put the government to its proof of that element."[19] He cannot complain on appeal that the

---

**19.** See *Harrison,* 204 F.3d at 240.

**20.** See *Branch,* 46 F.3d at 442.

**1.** There is nothing in the Texas Code of Criminal Procedure addressing a judicial admission.

State failed to prove "an element to which he confessed."[20]

### Judgment

Because of our resolution of the State's first ground for review, we dismiss the other grounds. We reverse the judgment of the Court of Appeals and remand this case to that court for proceedings consistent with this opinion.

MEYERS, J., filed a dissenting opinion.

JOHNSON, J., filed a concurring opinion.

COCHRAN, J., filed a concurring opinion in which HOLCOMB, J., joined.

MEYERS, J., dissenting.

It seems apparent from the State's first two grounds for review that when the parties prepared the stipulation involved in this case, they were not aware that Texas law either had or would soon have the concept of judicial admissions.[1] The majority indicates that this doctrine needs to be part of our jurisprudence and that it acts in a manner similar to a judicial confession. I would hope and presume that it encompasses all of the same procedural prerequisites, safeguards, and waiver that accompany a judicial confession. *See,* majority opinion page 400, footnote 7.[2] While the State now seeks to prevent the defendant from contesting the sufficiency of the evidence because of the stipulation, they fail to show that the preparation of the stipulation was done for any purpose other than to inform the jury of the two prior

---

**2.** I am speaking specifically as to how much detail is involved: whether the judge is the exclusive finder of the sufficiency of the stipulation; the procedures for placing a stipulation into evidence; whether the defendant is allowed to have appellate review; whether it is voluntary, etc.

DWI convictions. What is clear is that, as seen by the dialogue quoted beginning on page 399 of the majority opinion, prior to the trial of this case, the parties carefully drafted a stipulation which was crafted in order to inform the jury of only two prior DWI convictions by the defendant. It is apparent that this was the intent of both the defendant and the State. After the stipulation was completed, it was handed to the judge, but was never entered into evidence.

Regardless of the validity or conclusiveness that the concept of judicial admission brings to bear on a sufficiency analysis,[3] this is not the exclusive vehicle to prove the necessary enhancing prior DWI judgments. Before the broadened concepts introduced in this case and in *Tamez v. State*, 11 S.W.3d 198 (Tex.Crim.App.2000), and its progeny, I would bet that the entire criminal appellate and trial community felt that the stipulation had to be introduced into evidence at guilt, either verbally, or in written form and then become part of the evidence for the jury to review.[4] Certainly the majority's innovation does not preclude this traditionally accepted method of informing the jury of the previous DWI convictions. But that is the whole point; neither the State nor the Defendant considered that they had implemented a judicial admission herein. The State's second ground for review clearly reflects this, and I find it somewhat disingenuous that they now claim, in their first ground for review, that the defendant is estopped from making his sufficiency appeal. If anything, the defendant relied totally on the State to introduce the stipulation into evidence because it was their burden. Certainly the defendant would not have offered the stipulation since its absence from the evidence should have alerted the trial judge to give the jury an instruction on the lesser-included offense of misdemeanor DWI. Somewhere along the line, the trial judge and the State recognized, albeit too late, that the jury had not been informed about the stipulation before the close of evidence. What is equally apparent and certainly more conclusive is that there had not been a judicial admission by the defendant. The trial court's attempt to make the evidence sufficient by the instruction to the jury is not contemplated by any rules of evidence or appellate procedure that I am aware of.

---

3. The majority seems to indicate that the judicial admission removes from the jury's consideration whatever elements of the crime that are included within the stipulation. *See* majority opinion page 402, stating that Bryant waived "his right to put the government to its proof of that element."

4. In fact, a transcript of *Smith v. State*, 158 S.W.3d 463 (Tex.Crim.App.2005), delivered one month ago shows the following:

[STATE] Your Honor, before I proceed with the witness, I have one exhibit that I would like to have marked and offered into evidence at this time.
[DEFENSE] We have no objection to the stipulation.
(State's Exhibit one marked for identification)
[DEFENSE] What number is it?

[THE COURT] All right. State's Exhibit 1 is admitted into evidence.
[STATE] Can I briefly summarize what this is for the members of the jury?
[THE COURT] Yes.
[STATE] Ladies and gentlemen, before trial today the defendant signed what is called a stipulation of evidence. Basically it agrees and confesses with his signature on it that he has twice been previously convicted of DWI. Specifically on February 28th, 1993, in County Criminal Court at Law No. 4 of Harris County, Texas; in Cause Number 685,779, the defendant admits he was convicted of DWI; and second, on April 24, 1990 in the 258th District Court of Polk County, Texas, in Cause Number 12,255, the defendant again admits that he was convicted of the offense of Driving While Intoxicated.

Because I am not convinced that Texas jurisprudence should now be bound by the ruling of a Federal D.C. Circuit case, and because the facts herein simply do not follow that authority, I respectfully dissent.

JOHNSON, J., concurring.

As set out in the opinion of the Court, a stipulation is a substitute for evidence and has the effect of relieving one party of the burden of proving the facts stipulated to and bars the other party from challenging the truth of the matters covered by the stipulation. Op. at 400–401. I concur in the judgment of the Court. I write separately because I believe that the Court should answer the state's second ground for review.

We have said that a stipulation which confessed the jurisdictional prior convictions may be admitted into evidence and published to the jury. *Hollen v. State*, 117 S.W.3d 798, 802 (Tex.Crim.App.2003). We have also held that, if the defendant stipulates to the jurisdictional prior convictions, the state not only does not have to present evidence of those prior convictions during the guilt phase of trial, it is barred from doing so. *Robles v. State*, 85 S.W.3d 211, 212 (Tex.Crim.App.2002) ("The evidence the State would have introduced was not relevant to any contested issue in the case."). *See also, Hernandez v. State*, 109 S.W.3d 491 (Tex.Crim.App.2003). However, a stipulation as to some elements of an offense does not relieve the state of the burden of proving the remaining elements.

I am troubled by any suggestion that the stipulation does not have to be a part of the record. Because the stipulation relieves the state of proving some of the elements of an offense, which elements must be proved, and which need not be, must be discernable. If the stipulation is not available to the trial court, it may be put into a position in which it is asked to rule on admissibility of evidence without having sufficient knowledge to rule correctly. Without some record of the stipulation, the appellate court could not even say that there was a stipulation, and without a record of the substance of a stipulation, it could not resolve a dispute about the scope of the stipulation, could not determine what was stipulated to, and consequently, could not determine whether the state has sufficiently proven the offense. Without a record of the substance of the stipulation, the state may be held to have failed to prove every element of the offense, and the defendant may be held to have conceded more than was intended and agreed to.

This issue is raised in the state's second ground: whether the stipulation had to be admitted into evidence to be effective. This question needs to be answered before we address the state's first issue: whether appellant is barred from raising sufficiency of the evidence because of his stipulation. If the stipulation must be admitted to be effective and it was not admitted, appellant would not be barred from raising the issue of insufficient evidence. I would answer that the substance of the stipulation must be somewhere in the record. In a criminal case, this requirement may be met by: the admission into evidence of the written stipulation, signed by the defendant himself; a record of an oral recitation of the substance of the written stipulation; or some other means of setting out the terms of the stipulation in sufficient detail that a trial court has enough information to rule on motions and objections and a reviewing court is able to resolve any complaints about sufficiency of the state's evidence as to a particular element of the offense.

In this case, the written stipulation was not admitted into evidence, but the substance of the stipulation is found in the

reporter's record. Op. at 399. For that reason, I concur in the judgment of the Court.

COCHRAN, J., concurring, in which HOLCOMB, J., joined.

I join the majority opinion. I add these comments only to emphasize the chronology of events and correctness of the procedure used in this case.

Immediately before the trial began, but outside the presence of the jury, the trial judge stated: "I have been presented with a stipulation." That written stipulation, properly signed by appellant (as it must be) and by his counsel (as it should be) is titled "Defendant's Stipulation as to Jurisdictional Prior Convictions Pursuant to *Tamez v. State.*" After the discussion on the record quoted by the majority, the State agreed to the stipulation, and the trial judge, by saying "All right," accepted the stipulation. That written, signed stipulation was made part of the official record of this trial and is contained on page 27 of the Clerk's Record.[1] That written stipulation, though it does not track the precise wording of the jurisdictional prior convictions set out in the indictment, contains all of the information necessary to prove appellant's two prior convictions. This duly signed stipulation of evidence is legally sufficient "proof" of those prior convictions.

Although we held in *Hollen v. State,*[2] that the State *may* offer the stipulation into evidence before the jury, we did not state that the State is *required* to offer the stipulation into evidence before the jury. The written stipulation[3] substitutes for evidence and is sufficient proof of the facts

stipulated to as long as the stipulation is contained in the official record, and both the trial court and any reviewing court may compare its contents to the indictment allegations.

Here, there is no question that appellant did personally stipulate to the facts of the stipulation; the stipulation adequately recited the two prior jurisdictional convictions contained in the indictment; the written stipulation is itself contained in the official trial record; therefore, the signed stipulation is a legally sufficient substitute for proof before the jury of the prior convictions alleged in the indictment. The jury was told of the existence and contents of the stipulation in the jury instructions. Those jury instructions accurately informed the jury of the contents of appellant's written stipulation.

Where's the beef? If a defendant wants the jury to hear "evidence" about his prior DWI convictions in a felony DWI trial, he need not stipulate to those jurisdictional prior convictions. If he wants to stipulate to them and avoid having the jury hearing the particulars of those prior convictions (and perhaps avoid having them mentioned at all, except for the reading of the indictment and of the instructions in the jury charge), he cannot later claim that the evidence is legally insufficient because the State did not formally offer his written, signed stipulation into evidence before the jury.

With these comments, I join the majority opinion.

---

1. Of course, this would be a very different case if the written stipulation were not in the Clerk's Record or its contents were not read aloud into the Reporter's Record.

2. 117 S.W.3d 798, 802 (Tex.Crim.App.2003).

3. A valid stipulation may be either written and signed by the defendant himself or made orally in open court and agreed to by the defendant himself on the record in front of the judge.