NO.
12-05-00373-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ROBERT JONES,     §                      APPEAL FROM THE 114TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Appellant
Robert Jones appeals his conviction for aggravated robbery, for which he was
sentenced to fifty years of imprisonment. 
In one issue, Appellant contends that the evidence is insufficient to
support his conviction.  We affirm.

 

Background

            On
November 18, 1993, Appellant was charged by indictment with aggravated robbery,
a first degree felony.[1] 
On March 14, 1994, Appellant entered an open plea of guilty to the
offense charged in the indictment.  Appellant
and his counsel signed an acknowledgment of admonishments and requested a
prejudgment/sentence investigation and report. 
Appellant and his counsel signed a written stipulation of evidence in
which Appellant swore that all allegations pleaded in the indictment were true
and correct and constituted the evidence in the case.  The trial judge signed the written
stipulation, but it was not sworn to by Appellant.  Appellant also signed a waiver of certain
rights, giving up his rights to call, confront, and cross examine witnesses,
consenting and agreeing to the introduction of evidence against him in the form
of written and oral stipulations of evidence and testimony, and the
introduction of testimony by affidavit, or by written statements of witnesses, and
by any other documentary evidence.  In
the waiver of rights, Appellant also stated that he wanted to plead “guilty” to
the indictment.  Appellant’s attorney
signed a certificate and approval of his waiver of rights, and the State’s
attorney approved and consented to the waiver. 
The trial judge approved of Appellant’s waiver of rights and found that
he knowingly stipulated and agreed that the facts contained in his “stipulation
of evidence” were true and correct. 
Although the documents were not file marked by the clerk of the court,
the stipulation of evidence and waiver of rights were in the clerk’s record on
appeal.  On May 4, 1994, the trial court
adjudged Appellant guilty of the offense of aggravated robbery.  After a sentencing hearing, the trial court
assessed Appellant’s punishment at fifty years of imprisonment.

            Appellant
filed a notice of appeal on June 7, 1994 that was not received by this court
until December 22, 2003.  Concluding that
Appellant’s notice of appeal should have been filed on or before June 3, 1994,
we dismissed the appeal for want of jurisdiction.  Appellant filed an application for a writ of
habeas corpus.  On October 5, 2005, the
court of criminal appeals granted Appellant an out of time appeal from his
conviction and sentence. This appeal followed. 


 

Evidentiary
Sufficiency

            In
his sole issue, Appellant argues that the evidence is legally insufficient to
support his conviction.  More
specifically, he contends that he did not swear to his written and signed
stipulation of evidence, though it contained a jurat.  Because the stipulation was not sworn
testimony, Appellant argues,  there was
no competent evidence upon which the trial court could base its finding of
guilt.  The State disagrees, arguing that
article 1.15 of the Texas Code of Criminal Procedure does not require that a
defendant swear to a stipulation of evidence.

Applicable Law

            According
to article 1.15 of the Texas Code of Criminal Procedure, no person can be
convicted of a felony except upon the verdict of a jury duly rendered and
recorded, unless he, upon entering a plea, has in open court in person waived
his right of trial by jury in writing.  Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005).  However, article 1.15
also states that it is necessary for the State to introduce evidence into the
record showing the guilt of the defendant, and “in no event shall a person
charged be convicted upon his plea without sufficient evidence to support the
same.” Id.  This evidence
may be stipulated if the defendant consents in writing, in open court, to waive
the appearance, confrontation, and cross examination of witnesses, and further
consents either to an oral stipulation of the evidence and testimony or to the
introduction of testimony by affidavits, written statements of witnesses, and
any other documentary evidence in support of the judgment of the court. Id.  The waiver and consent must be approved by
the court in writing and be filed in the papers of the cause.  Id.  The consent of the accused to stipulate is
what must be approved in writing by the court, and not the stipulation.  Stewart v. State, 12 S.W.3d
146, 148 (Tex. App.–Houston [1st Dist.] 2000, no pet.).  If the defendant elects to stipulate to
evidence against him, his stipulation is a kind of judicial admission, a “formal
concession[] in the pleadings in the case or stipulation[] by a party or
counsel that [has] the effect of withdrawing a fact from issue and dispensing
wholly with the need for proof of the fact.” 
Bryant v. State, 187 S.W.3d 397, 400 (Tex. Crim. App.
2005) (quoting John W. Strong, et al., McCormick
on Evidence § 255 (5th ed. 1999)).

            Although
a plea of guilty is an admission of guilt of the offense charged, it does not
authorize a conviction in a bench trial upon such plea unless there is evidence
offered to support the plea and the judgment to be entered.  Dinnery v. State, 592 S.W.2d
343, 351 (Tex. Crim. App. 1979).  A
stipulation is a substitute for the presentation of evidence of the facts that
are at issue.  Bryant, 187
S.W.3d at 400 (quoting 9 Wigmore on
evidence § 2591 (3d ed. 1940)). 
If a stipulation does not support a defendant’s guilty plea, a court
must determine if there is other evidence to support the guilty plea.  Dinnery, 592 S.W.2d at
352.  

Analysis

            Although
Appellant contends that his written stipulation of evidence did not constitute
a judicial admission because it was unsworn, two other court of appeals have
found no authority in article 1.15 of the Texas Code of Criminal Procedure that
a defendant was required to swear to his stipulation.  Ashley v. State, No.
05-03-01608-CR, 2004 WL 2282148, at *2 (Tex. App.–Dallas Oct. 11, 2004, no
pet.) (not designated for publication) (concluding that article 1.15 of the
Texas Code of Criminal Procedure did not require that the defendant swear to a
stipulation); Boyd v. State, Nos. 14-99-01355-CR, 14-99-01356-CR,
14-99-01357-CR, 2001 WL 619587, at *3 (Tex. App.–Houston [14th Dist.] June 7,
2001, pet. ref’d) (not designated for publication) (noting that there is no
requirement in article 1.15 of the Texas Code of Criminal Procedure that a
stipulation be sworn).  We agree with the
reasoning of these courts.  Here,
Appellant stipulated that the facts as alleged in the indictment were true and
correct and constituted the evidence in the case. Appellant also consented in
writing, and in open court, to the stipulation of the evidence in this case
and, in doing so, expressly “waive[d] the appearance, confrontation and cross
examination of witnesses.” See  Tex. Code Crim. Proc. Ann. art.
1.15.  Appellant’s stipulation of
evidence and waiver of rights were signed by Appellant and approved by the
trial court.  See id.  Although the record on appeal did not include
the reporter’s record of the plea hearing, Appellant admitted in his brief that
the State introduced this stipulation into evidence. See id.  As such, Appellant’s stipulation and waiver
of rights satisfied the requirements of article 1.15 of the Texas Code of
Criminal Procedure. Because Appellant properly stipulated to the evidence
against him, the stipulation was, in effect, a judicial admission and supports
his guilty plea.  See Bryant,
187 S.W.3d at 400.  Thus, we conclude
that the evidence was legally sufficient to sustain Appellant’s
conviction.  See Tex. Code Crim. Proc. Ann. art. 1.15;
Bryant, 187 S.W.3d at 400. 
Accordingly, we overrule Appellant’s sole issue.

 

Disposition

            The
judgment of the trial court is affirmed.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered November 1, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)











[1] See Tex. Pen. Code Ann. § 29.03 (Vernon
2003).