**Affirmed and Memorandum Opinion filed April 11, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-11-00936-CR

MICHAEL WAYNE COMEAUX, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1275099**

## MEMORANDUM OPINION

Appellant Michael Wayne Comeaux appeals his conviction for the offense of assault on a family member. In three issues, appellant asserts (1) the evidence is insufficient to show appellant was previously convicted of assault against a person

with whom he had a dating relationship, as alleged in the indictment; (2) a fatal variance exists between the allegations in the indictment and the proof offered at trial regarding this prior conviction; and (3) appellant's conviction of felony assault on a family member violated the ex post facto prohibitions of the United States Constitution and the Texas Constitution. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment for an assault against the complainant, appellant's wife at the time of the incident, which occurred in August 2010. The indictment also alleged the following:

> It is further presented that before the commission alleged above, the Defendant, on October 4, 2001, in the COUNTY CRIMINAL COURT AT LAW NO. 1 of HARRIS County, Texas, in Cause No. 1073331, was convicted of ASSAULT which was committed against a person with whom the Defendant had a dating relationship.

At trial, the complainant testified that appellant hit and choked her one evening in August 2010. The jury found appellant guilty as charged and assessed punishment at forty-five years' confinement.

## APPELLANT'S WAIVER OF HIS RIGHT TO ASSERT THE FIRST TWO ISSUES

Appellant does not contend that the evidence is insufficient to show that he committed the assault against the complainant in August 2010. Rather, appellant's appellate issues focus on the prior assault conviction on October 4, 2001, alleged in the indictment ("Prior Conviction"). The Prior Conviction was alleged in the indictment to make the offense a third-degree felony. *See* Tex. Penal Code. Ann. § 22.01(b)(2)(A); Tex. Fam. Code Ann. §§ 71.0021(b), 71.003, 71.005 (West 2013). In his first issue, appellant asserts that the evidence is insufficient to prove the Prior Conviction. In his second issue, appellant asserts a fatal variance exists

2

between the allegations in the indictment and the proof offered at trial that makes the evidence insufficient to prove the Prior Conviction.

At the beginning of trial in the guilt/innocence phase, the State offered into evidence, State's Exhibit 1, a written Stipulation of Evidence, signed by appellant and his trial counsel. In this document, appellant stipulated that he was convicted of the Prior Conviction alleged in the indictment. This stipulation was admitted into evidence without objection. This stipulation was a judicial admission that removed the need for proof of the Prior Conviction.[1] *See Bryant v. State*, 187 S.W.3d 397, 400–02 (Tex. Crim. App. 2005). By entering into that stipulation, appellant waived his right to put the government to its proof regarding the Prior Conviction, and appellant cannot complain on appeal that the evidence is insufficient to prove the Prior Conviction. *See id*. Accordingly, we overrule appellant's first and second issues.[2]

## NO EX POST FACTO VIOLATIONS

In his third issue, appellant contends that his conviction of felony assault on a family member violated the ex post facto prohibitions of the United States Constitution and the Texas Constitution because it was based upon language in Texas Penal Code section 22.01(b) that was not in effect at the time of the Prior Conviction in 2001. The part of Texas Penal Code section 22.01(b) relied upon in the indictment to allege a felony offense in the case under review took effect on September 1, 2005, and applies to offenses committed on or after that date. *See*

---

[1] Thus, it was not necessary for the stipulation to be admitted into evidence, though in the case under review, the stipulation was admitted into evidence. *See Bryant v. State*, 187 S.W.3d 397, 400–02 (Tex. Crim. App. 2005).

[2] Even if appellant had not waived these issues, the stipulation was admitted into evidence, and these issues would lack merit.

3

Act of May 27, 2005, 79th Leg., R.S., ch. 788, 2005 Tex. Gen. Laws 2709, 2709, 2711 (amended) (codified at Tex. Penal Code. Ann. § 22.01(b)(2)(A) (West 2013)). It is undisputed that this statute was in effect when appellant committed the charged offense in 2010, but appellant is correct that this statute was not in effect on the date of the Prior Conviction or on the date of the commission of this 2001 offense.

It is well settled that a conviction which occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement purposes under that statute, and that such usage does not violate the ex post facto prohibitions of the United States Constitution or the Texas Constitution. *See Ex parte White*, 211 S.W.3d 316, 320 (Tex. Crim. App. 2007); *Vasquez v. State*, 477 S.W.2d 629, 632 (Tex. Crim. App. 1972). Even if the Prior Conviction could not have been used as a basis for making an assault a third-degree felony in 2001, the Texas Penal Code allowed the Prior Conviction to be used in this manner when appellant committed the charged offense in 2010. *See* Tex. Penal Code. Ann. § 22.01(b)(2)(A). Therefore, appellant's felony conviction did not violate the ex post facto prohibitions of the United States Constitution or the Texas Constitution. *See Ex parte White*, 211 S.W.3d at 320; *Vasquez*, 477 S.W.2d at 632. Accordingly, we overrule appellant's third issue.

The trial court's judgment is affirmed.


/s/    Kem Thompson Frost
       Justice

Panel consists of Justices Frost, Christopher, and Jamison.
Do Not Publish — TEX. R. APP. P. 47.2(b).