

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00270-CR

**BILLY GENE REYNOLDS,**

                  **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                  **Appellee**

---

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. F45940

---

## MEMORANDUM  OPINION

---

Billy Gene Reynolds was indicted for the felony offense of driving while intoxicated.  To elevate the offense to a felony, the indictment alleged two previous DWI convictions. The indictment also contained two punishment enhancement paragraphs.  Reynolds pleaded not guilty to the offense of driving while intoxicated, but he pleaded true to the two DWI enhancement paragraphs.  Reynolds also pleaded true to the two punishment felony enhancement paragraphs.  The jury convicted

Reynolds of felony driving while intoxicated and assessed his punishment at life in prison. We affirm.

In his sole issue on appeal, Reynolds argues that the evidence is legally insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd* , 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to

establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Driving while intoxicated is a Class B misdemeanor. TEX. PENAL CODE ANN. § 49.04 (b) (West Supp. 2012). However, driving while intoxicated is enhanced to a third degree felony if the person has previously been convicted two times of any other offense relating to the operation of a motor vehicle while intoxicated. *See* TEX. PENAL CODE ANN. § 49.09 (b) (2) (West Supp. 2012). The two prior DWI convictions are elements of the offense of felony driving while intoxicated. *Martin v. State*, 200 S.W.3d 635, 640-41 (Tex. Crim. App.2006).

Reynolds argues that the evidence does not sufficiently establish two prior DWI convictions as alleged in the indictment to support a conviction for felony driving while intoxicated. The indictment alleged two prior DWI convictions: 1) Cause No. 31725, June 24, 1997 in Johnson County, and 2) Cause No. 17513, June 8, 1989 in Hood County. Reynolds entered into a written stipulation as to his prior DWI convictions. The stipulation incorrectly stated that the second DWI conviction, Cause No. 17513, occurred in Johnson County rather than Hood County.

The stipulation provides that Reynolds:

> [H]ereby stipulates to having been previously, finally, and lawfully convicted two times of an offense relating to operating a motor vehicle while intoxicated, as alleged in the indictment and read to the jury.

The State presented the indictment at trial, and correctly stated the DWI Enhancement, Cause No. 17153, that occurred on June 8, 1989 in Hood County. Reynolds pleaded "true" to that enhancement.

A defendant in a criminal case may stipulate to evidence against him. *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). If the defendant elects to do this, his stipulation is a kind of judicial admission. *Id*. Judicial admissions are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. *Id.*

In the stipulation, Reynolds concedes that he has two prior DWI convictions, elements of felony driving while intoxicated. Although there is a clerical error in the stipulation, the evidence is sufficient to show that Reynolds has two prior DWI convictions and to support his conviction for felony driving while intoxicated. We overrule the sole issue on appeal.

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 20, 2013
Do not publish
[CRPM]