

NUMBER 13-13-00725-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**NICHOLAS CHRISTOPHER OLIVARES,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

On appeal from the 206th District Court
of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion by Justice Benavides**

By one issue, appellant Nicholas Christopher Olivares asserts that insufficient evidence supports his conviction for burglary of a vehicle with two or more previous convictions, a state-jail felony. *See* TEX. PENAL CODE ANN. § 30.04(d)(2)(A) (West,

Westlaw through 2013 3d C.S.).[1]   We affirm.

## I. BACKGROUND

A Hidalgo County grand jury indicted Olivares for felony burglary of a vehicle occurring on May 17, 2012.  *See id.*  The grand jury further alleged that prior to the May 17, 2012 offense, Olivares had previously been convicted three times of burglary of a vehicle.  The indictment alleged that Olivares had two previous convictions for burglary of a vehicle that took place on September 2, 2010 and a third conviction that occurred on September 16, 2011, all in Hidalgo County.

On May 24, 2013, Olivares entered an open plea of guilty to the trial court and elected to have the trial court assess his punishment.   At the plea hearing, the trial court admitted without objection a document entitled "Waiver of Rights & Consent to Stipulation of Evidence and/or Testimony & Plea of Guilty or No Contest."   The document reflects that Olivares pleaded guilty to the felony charge of burglary of a vehicle, as alleged in the State's indictment.   The trial court also admitted without objection a document entitled "Plea Admonishments," in which Olivares agreed and acknowledged that he was aware and understood that he was being charged with burglary of a vehicle with two or more previous convictions, a state-jail felony, and that he was aware of the applicable range of punishment that the charge carried.   Finally, the following stipulation was put on the record at Olivares's plea hearing:

> [Prosecutor]:     And we additionally request that [Olivares] stipulate
>                   that he is the same individual that [pleaded] guilty to a
>                   previous offense in cause number CR-1087-05-D on
>                   September the 2nd of 2010 for burglary of a vehicle

---

[1] Generally, the crime of burglary of a vehicle is a Class A misdemeanor; however, it may be elevated to a state-jail felony if, as in this case, it is shown on the trial of the offense that the defendant has been previously convicted two or more times of the same offense.  *See* TEX. PENAL CODE ANN. § 30.04 (West, Westlaw through 2013 3d C.S.).

and also [pleaded] guilty to a—an additional burglary of a vehicle [charge] in CR-1087-04-D on September the 2nd of 2010.

[Defense Counsel]: No objections, Your Honor. So agreed and stipulated.

On August 2, 2013, the trial court found Olivares guilty as charged and sentenced him to eighteen months' confinement with the Texas Department of Criminal Justice's State Jail Division. Olivares received 157 days credit for time spent in jail. This appeal followed.

## II. SUFFICIENCY CHALLENGE

By his sole issue, Olivares contends that the evidence was insufficient to sustain his conviction for felony burglary of a vehicle.

### A. Standard of Review and Applicable Law

In reviewing sufficiency of evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013); *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). In viewing the evidence in the light most favorable to the verdict, we defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899. It is unnecessary for every fact to point directly and independently to the guilt of the accused; it is enough if the finding of guilty is warranted by the cumulative force of all incriminating

3

evidence. *Winfrey*, 393 S.W.3d at 768 (citations omitted).

The elements of the offense are measured as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

Under a hypothetically correct jury charge, as authorized by the indictment in this case, Olivares is guilty of felony burglary of a vehicle, if he: (1) without the effective consent of the owner, (2) breaks into or enters a vehicle or any part of a vehicle, (3) with intent to commit any felony or theft; and (4) it is shown on the trial of the offense that Olivares has been previously convicted two or more times of burglary of vehicles. *See* TEX. PENAL CODE ANN. § 30.04(a), (d)(2)(A). For purposes of elevating burglary of a vehicle from a Class A misdemeanor to a state-jail felony, Olivares "has been previously convicted" if he was "adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision." *Id.* § 30.04(d-1) (West, Westlaw through 2013 3d C.S.).

**B. Discussion**

Olivares argues that the State failed to prove that he had been previously convicted two or more times of burglary of vehicles because Olivares neither entered a

4

plea of "true" to the prior convictions, nor stipulated to the finality of the prior charges. The State argues that a plea of true was unnecessary in this case because the prior convictions were essential elements of the crime charged and were not used solely for the purpose of enhancing the range of punishment. We agree with the State and also conclude that Olivares is barred from bringing this issue on appeal.

"[W]hen prior convictions are used to elevate what would otherwise be a misdemeanor offense to the level of a felony, they must be pled in the indictment for the trial court to gain jurisdiction." *Tamez v. State*, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000). In other words, the allegation of two or more prior convictions for burglary of a vehicle is a "jurisdictional element of the offense which must be pleaded in the indictment." *See Turner v. State*, 636 S.W.2d 189, 196 (Tex. Crim. App. 1980). Thus, we conclude that Olivares's prior convictions for burglary of a vehicle are an element of the instant offense rather than a means by which the instant offense is enhanced, as Olivares argues on appeal. *See Throneberry v. State*, 109 S.W.3d 52, 56 (Tex. App.—Fort Worth 2003, no pet.).

Although evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove beyond a reasonable doubt that a defendant has been convicted of a prior offense, in a number of other ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Orsag v. State*, 312 S.W.3d 105, 115 (Tex.

5

App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Flowers v. State*, 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007)).

Here, the State requested Olivares to orally stipulate on the record that he was the same individual who pleaded guilty to the prior burglary of vehicles charges used to elevate his present charge to a state-jail felony, and Olivares's counsel replied, "[s]o agreed and stipulated." Olivares argues, however, that the oral stipulation of a "plea of guilty" by his counsel was insufficient to establish that convictions were final. While this argument may have merit, it ignores the previous written waiver and consent to stipulation of evidence signed by Olivares, his counsel, the State's prosecutor, and the trial court. In this written waiver and stipulation, Olivares agreed that he "committed each and every element of every offense alleged in the indictment," namely felony burglary of vehicles. One of the elements of Olivares's felony burglary of vehicle charge in this case is his previous convictions. *See* TEX. PENAL CODE ANN. § 30.04(a), (d)(2)(A); *Tamez*, 11 S.W.3d at 201. By entering into this stipulation, Olivares waived "his right to put the [State] to its proof of that element." *See Bryant v. State*, 187 S.W.3d 397, 401 (Tex. Crim. App. 2005). In other words, Olivares may not argue that the State failed to prove its case on an element to which he stipulated and confessed. *See id.* Because Olivares's stipulation prevents him from making this argument on appeal, we conclude that it is inappropriate to reach the merits of his sufficiency challenge. *See id.* at 402. However, even if we were to reach the merits of the challenge, we would conclude that based on the stipulation, a rational fact finder could have found beyond a reasonable doubt that Olivares was guilty of felony burglary of a vehicle. *See* TEX. PENAL CODE ANN. § 30.04(a), (d)(2)(A); *see also Winfrey*, 393 S.W.3d

at 768.

We overrule Olivares's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
4th day of September, 2014.