

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00078-CR

RYAN JASON BRANNON, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court of
Childress County, Texas
Trial Court No. 6507, Honorable Stuart Messer, Presiding

December 10, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Ryan Jason Brannon appeals his conviction for assault, family violence. The prosecution arose from his choking the six-year-old son of his ex-girlfriend. We identify the child as B. and his mother as M. for purposes of this opinion. Appellant and M. lived together for a while. So too did appellant father a child with M., which child was B.'s younger sibling. Though appellant and M. no longer lived together, he nonetheless spent the night at the house on occasion. One such occasion occurred the night before M. awoke to find appellant in B.'s room. When M. entered the room, appellant informed her

that B. had scratched his own neck.  When asked why he was in the room, he stood silent for a bit and then "shoved" M.  That led to M. directing him to leave.  Appellant refused and, instead, said he would "beat [M.'s] ass and [her] son's."  M. then left the abode with B., who would tell investigating officers and medical personnel that his mother's boyfriend had choked him.  The two appellate issues before us concern 1) whether appellant's constitutional right to confront witnesses was denied when B. was not called to testify, and 2) whether the evidence was sufficient to support his conviction.  We affirm.

*Issue One – Confrontation*

Normally, we would address the sufficiency question first since it is the one that would provide the greatest relief.  *See Soto-Hernandez v. State*, No. 07-18-00391-CR, 2020 Tex. App. LEXIS 1094, at *1 (Tex. App.—Amarillo Feb. 6, 2020, no pet.) (mem. op., not designated for publication).  Appellant clearly questions the sufficiency of the evidence underlying his conviction in the second issue.  Yet, the multi-paged exposition in his first is a bit confusing and may be read as questioning the sufficiency of the evidence as well as the propriety of admitting certain evidence.  So, we address and overrule it.

Here, appellant asserts that his "right to confront the witnesses against him was violated when the State rested without producing the victim, who was available, to testify."  Below, and once the litigants "closed," defense counsel said:

> I would ask that this case right here be acquitted under the Constitution rule of the right of confrontation, which the State did not produce [B.]; and therefore, I think it's a violation of my client's right to confrontation.  I would be asking that he be acquitted under that rule.

Obviously, the trial court denied defense counsel's request.

As hinted to above, the nature of the trial request or objection is somewhat unclear, as is the appellate argument.  The two can be read in different ways.  For instance,

2

aspects of the extended narrative before us may be interpreted as suggesting that the accused may not be convicted without the State first presenting the victim as a witness; such, in his view, is part of the constitutional right to confront accusers.[1] Thus, if the victim does not personally testify, the evidence somehow is insufficient to support conviction. Yet, we know of no authority imposing upon the State a blanket obligation to present the victim in person to secure a guilty verdict. And, none of the authority cited by appellant creates such a blanket rule. Indeed, if the right to confront were to impose a blanket requirement that the victim testify as a condition to conviction in every case, as appellant may be suggesting, then the State could never obtain a conviction against one accused of murder; as the old adage says, "dead men tell no tales." So, we reject this aspect of what appellant may be arguing.

To the extent appellant actually argues that admitting the evidence in question denied him his right to confront witnesses because B. was available to testify, we say this. The evidence in question consisted of B. telling an investigating officer and medical personnel that his mother's boyfriend choked him. They, then, reiterated that at trial. Yet,

---

[1] This seems to be reflected from appellant's argument that:

It has clearly been well established by the United States Supreme Court and common law, that since the late 1700s, that unless a witness against a defendant is a.) **unavailable** to testify (i.e. dead); b.) has already testified under oath; *and* c.) has been subject to cross-examination by the same defendant about the same matter, then the victim must be produced by the State and made to testify at trial under oath and subject to cross-examination. Otherwise, under the United States Constitution and the Texas Constitution, the defendant's Constitutional right to confront his accuser has been irreparably violated and the case must be reversed.

[and]

The State was unequivocally required to produce at trial a witness who was, according to the record, available. The State chose not to do so. The Court overruled every objection to the victim's testimonial hearsay statements and then erroneously denied the defense counsel's motions for a directed verdict for insufficient evidence and the Confrontation Clause violation.

on at least one occasion, that very same utterance of B. was admitted elsewhere without objection. That occurred when State's Exhibit 9 was proffered into evidence; to it, defense counsel said, "No objections." The exhibit contained a summary of B.'s medical examination after being choked. Under the category "Narrative" appeared the statement: "Patient stated that 'he was choked by his mom's boyfriend this morning.'" Because this statement to which appellant did not object mirrors those to which he did object, the admission of the former cured any complaint he had to admitting the latter. *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (quoting *Leday v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1998) (en banc)); *Herrera v. State*, No. 07-17-00166-CR, 2018 Tex. App. LEXIS 2798, at *3 n.1 (Tex. App.—Amarillo Apr. 18, 2018, no pet.) (per curiam) (mem. op., not designated for publication).

*Issue Two – Sufficiency of the Evidence*

In his second issue, appellant contends that "the State failed to prove three out of four of the elements beyond a reasonable doubt and so there is insufficient evidence to sustain a guilty verdict." According to appellant, those elements were 1) "the identity of the perpetrator," 2) "[a]ppellant was a member of the household under Section 71.005 of the Family Code," 3) "there was a prior conviction because a deferred adjudication is not a final conviction," and, 4) alternatively, appellant was not shown to be the defendant encompassed within the "prior conviction," if any.

The standard of review is that expressed in *Braughton v. State*, 569 S.W.3d 592, 607–08 (Tex. Crim. App. 2018). We apply it here.

Next, via indictment, the State accused appellant of:

intentionally, knowingly, or recklessly, caus[ing] bodily injury to [B.] . . . a member of the defendant's household as described by Section 71.005 of

4

the Texas Family Code, by intentionally, knowingly, or recklessly, impeding the normal breathing or circulation of the blood of the complainant by applying pressure to the throat or neck of the complainant, and before the commission of the charged offense, the defendant had previously been convicted of an offense under Chapter 22 of the Texas Penal Code, against a member of the defendant's household, to-wit: on the 1st day of February, 2019, in cause number 401-80478-2018 in the 401st Judicial District Court of Collin County, Texas, the defendant was finally convicted of the offense of assault family violence against household member by impeding breathing or circulation[.]

Regarding the identity of the "perpetrator," we find evidence of B. stating that "'he was choked by his mom's boyfriend this morning.'" Furthermore, M. found her ex-boyfriend and the father of her second child in B.'s room that very morning. So too had he 1) lived in the home with M. and B. until recently, 2) spent the night preceding the assault at the home where he once lived, 23) "shoved" M. when confronted in B.'s room, and 4) threatened to assault M. and B. when told to leave. Moreover, appellant cited us to nothing of record indicating that anyone other than M., B., and appellant were in the house when the assault occurred. From this, a rational fact-finder could infer, beyond reasonable doubt, that appellant was the "boyfriend" to which B. referred when saying he was choked.

As for proving "[a]ppellant was a member of the household under Section 71.005 of the Family Code," establishing that, among other things, elevates the crime from a misdemeanor to a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (West Supp. 2020) (classifying the assault as a third-degree felony when committed against 1) "a person whose relationship to or association with the defendant is described by . . . 71.005, Family Code" and 2) "the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or

5

mouth"); *see also Salazar v. State,* No. 01-04-01190-CR, 2005 Tex. App. LEXIS 9600, at *3–4 (Tex. App.—Houston [1st Dist.] Nov. 17, 2005, pet. ref'd) (mem. op., not designated for publication) (stating that to prove a defendant assaulted a household member, the State must illustrate that 1) he intentionally, knowingly, or recklessly caused bodily injury, 2) against a member of the defendant's family or household, and 3) was previously convicted of an offense against a member of the defendant's family or household). Furthermore, "household" is defined as "a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other." TEX. FAM. CODE ANN. § 71.005 (West 2019). In turn, a "member of a household," as alleged in the indictment, "includes a person who previously lived in a household." *Id.* § 71.006 (West 2019). Thus, illustrating that the accused injured "a member of the defendant's household as described by Section 71.005 of the Texas Family Code" (as averred in the indictment at bar) requires proof that the defendant and victim once lived together. Such evidence appeared of record. Appellant, M., and B. lived together until weeks before the assault occurred.

As for whether the State established a prior conviction, as alleged in the indictment, appellant argued that it did not. This was purportedly so because the judgment admitted by the trial court to satisfy the element illustrated he was granted deferred adjudication. In other words, he was never convicted because the adjudication of his guilt was deferred, and one cannot be convicted until adjudicated guilty. Yet, § 22.01(f)(1) of the Penal Code states that a previously convicted defendant includes, for "purposes of Subsections (b)(2)(A) . . . a defendant . . . adjudged guilty . . . or [who] entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication." TEX. PENAL CODE ANN.

6

§ 22.01(f)(1). The judgment mentioned above revealed that appellant pled "guilty" to engaging in continuous violence against the family in return for deferring the adjudication of guilt. That sufficed to prove the element under attack.

As for whether the State proved appellant was the person named in the aforementioned judgment, the record illustrated that he, through his defense attorney, stipulated to the matter before trial began. By stipulating to the matter, the defendant "'waived any right to contest the absence of proof on the stipulated elements.'" *Bryant v. State*, 187 S.W.3d 397, 401 (Tex. Crim. App. 2005) (concluding that "Bryant stipulated to his prior convictions" which stipulation "was a judicial admission which removed the need for proof of those convictions").

We overrule the second issue, as well, and affirm the trial court's judgment.


Brian Quinn
Chief Justice


Do not publish.