**Affirmed as Modified and Memorandum Majority and Dissenting Opinions filed September 2, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00762-CR

---

**TATIANA BAKHOUM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 5
Harris County, Texas
Trial Court Cause No. 2214948**

---

## M E M O R A N D U M   D I S S E N T I N G   O P I N I O N

I respectfully dissent and would reverse the trial court's ruling based on the arresting officer's judicial admission that he lacked probable cause at the time he arrested Appellant. *See* Maj. Op. at 6-7 ("Appellant further cites Neimeyer's testimony that he did not believe he had probable cause when he placed appellant in handcuffs."); *see also Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005) (describing "judicial admissions" as "formal concessions . . . by a party or

counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact") (citing 2 John W. Strong et al., McCormick on Evidence § 255 (5th ed. 1999)).

The majority correctly recites that, "The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer . . . and it requires a consideration of the totality of the circumstances facing the arresting officer." Maj. Op. at 8 (quoting *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009) (citing *Beck v. Ohio*, 379 U.S. 89, 97 (1964))). Based thereon, the majority concludes we are authorized to ignore the arresting officer's judicial admission that he lacked probable cause then construct post hoc probable cause from the facts he knew at the time. I disagree.

First, the sentence cited by the majority from *Amador* reveals that we must ignore officers' subjective beliefs when testing "*for* probable cause" (emphasis added); conversely, we are not instructed to ignore officers' subjective beliefs when analyzing the dispositive *absence* of probable cause. Indeed, *Beck* specifically analyzed whether subjective good faith was sufficient to justify a warrantless arrest and naturally concluded it is not. *See Beck*, 379 U.S. at 97 ("If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers, and effects,' only in the discretion of the police."). *Beck* therefore instructs us that an officer cannot justify a warrantless arrest based on subjective beliefs alone; it does not tell us that we must (or even should) also ignore arresting officers' subjective beliefs that they lack probable cause at the time of an arrest.

This fundamental precept is neither new nor novel.

When the constitutional validity of an arrest is challenged, it is the function of a court to determine whether the facts available to the

2

officers at the moment of the arrest would "warrant a [person] of reasonable caution in the belief" that an offense had been committed.

*Beck*, 379 U.S. at 96 (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)). Here, the constitutional validity of an arrest has been challenged; therefore, we are duty-bound to determine whether the facts known to Officer Neimeyer at the time he arrested Appellant would warrant a person of reasonable caution in the belief an offense had been committed. *Id.* I conclude Officer Neimeyer's admission that he lacked probable cause (when viewed objectively) is controlling and that the majority's holding to the contrary effectively authorizes law enforcement seizures based on "inarticulate hunches". *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968) ("Anything less [than analyzing the facts against an objective standard] would invite intrusions upon constitutionally guaranteed rights based on nothing more substantial than inarticulate hunches, a result this Court has consistently refused to sanction.") (citing *Beck*, 379 U.S. at 89; *Rios v. United States*, 364 U.S. 253 (1960); *Henry v. United States*, 361 U.S. 98 (1959)).

Whether Appellant's arrest was constitutional depends "upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [appellant] had committed or was committing an offense." *Beck*, 379 U.S. at 91 (quoting *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949); *Henry*, 361 U.S. at 102). At the moment the arrest was made, the arresting officer believed he did not have probable cause to arrest Appellant. *See id.* at 94 ("[T]he record does not show that the officers saw the petitioner 'stop' before they arrested him, or that they saw, heard, smelled, or otherwise perceived anything else to give them ground for belief that the petitioner had acted or was then acting unlawfully."). I do not see a way around this conclusion, analysis, or

judicial admission.  I respectfully dissent.


                              /s/      Meagan Hassan
                                       Justice

Panel consists of Justices Spain, Hassan, and Poissant (Spain, J., majority).

Do Not Publish —Tex. R. App. P. 47.2(b).