

## NUMBER 13-15-00575-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ESTEBAN COLEMAN,          Appellant,

v.

THE STATE OF TEXAS,          Appellee.

On appeal from the 214th District Court
of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

By three issues, appellant Esteban Coleman challenges his conviction for one count of assault against a family member, a third-degree felony enhanced to a second-degree felony by one prior felony conviction. *See* TEX. PENAL CODE ANN. §§ 22.01, 12.42(a) (West, Westlaw through 2015 R.S.). We affirm as modified.

## I. BACKGROUND

The State indicted appellant for knowingly or intentionally causing bodily injury to Sylvia Rhoden-Vela, a person whose relationship to appellant was described by sections 71.003, 71.005, or 71.0021(b) of the Texas Family Code, "by grabbing and pushing her" her with his hand on January 1, 2015. *See id.* § 22.01. As an essential element of the offense, the State alleged in the indictment that appellant was previously convicted of a misdemeanor assault involving family violence on January 9, 2003 in cause number 2002-8051-1 in County Court at Law No. 1 of Nueces County. *See id.*

At the beginning of trial, appellant stipulated to his prior conviction in cause number 2002-8051-1. A certified copy of the judgment of conviction in that cause number was marked as State's Exhibit 1. However, the place in State's Exhibit 1 for a finding regarding whether the case involved family violence is blank. After the close of evidence, the trial court permitted the State to reopen its case for the limited purpose of introducing State's Exhibit 1 into evidence. When introducing the exhibit in front of the jury, the State referred to it as "Cause No. 2002851, the charge State of Texas vs. Esteban Coleman for assault family violence." Appellant's attorney stated she had no objection, and the trial court admitted State's Exhibit 1 into evidence.

The jury returned a verdict of guilty, and appellant elected for the trial court to assess his punishment. The trial court assessed a sentence of five years in the Institutional Division of the Texas Department of Criminal Justice and no fine. This appeal followed.

## II. DISCUSSION

Appellant asserts three issues on appeal: (1) the evidence is insufficient to support his conviction; (2) he suffered egregious harm from error in the jury charge; and (3) he received ineffective assistance of counsel.

### A. Sufficiency of the Evidence

Appellant argues in his first issue that the evidence is insufficient because the State presented no evidence that his previous conviction for assault under cause number 2002-8051-1 involved family violence.

### 1. Standard of Review and Applicable Law

We review whether sufficient evidence supports a conviction by considering all of the evidence introduced at trial in the light most favorable to the verdict and deciding whether any rational trier of fact could have found the State proved all of the essential elements of the offense beyond a reasonable doubt. *McKay v. State*, 474 S.W.3d 266, 269 (Tex. Crim. App. 2015) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard tasks the factfinder, the jury in this case, with resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from it. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). Our role on appeal is limited to determining whether the necessary inferences drawn by the jury are reasonably based upon the cumulative force of all the evidence. *Id.* If the record supports conflicting inferences, we presume that the jury resolved the conflict in favor of its verdict and defer to that determination. *Id.* at 448–49.

We measure the sufficiency of the evidence against the essential elements of the offense defined by the hypothetically correct jury charge for the case. *Anderson v. State*,

416 S.W.3d 884, 889 (Tex. Crim. App. 2013). The hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict its theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). For this case, the hypothetically correct jury charge required the State to prove that: (1) appellant intentionally, knowingly, or recklessly caused bodily injury to Rhoden-Vela; (2) Rhoden-Vela was a person whose relationship or association with appellant was described by sections 71.003, 71.005, or 71.0021(b) of the Texas Family Code; and (3) appellant was previously convicted of an offense involving family violence. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b).

The requirement of a prior conviction involving family violence is an essential element of the offense rather than an enhancement. *Wingfield v. State*, 481 S.W.3d 376, 379 (Tex. App.—Amarillo 2015, pet. ref'd). "No specific document or mode of proof is required to prove" the existence of a prior conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

### 2. Analysis

Appellant challenges only the sufficiency of the evidence that his prior conviction for misdemeanor assault involved family violence. He argues that State's Exhibit 1 is silent on the matter of family violence and that the State presented no other evidence that his previous conviction involved family violence. The State responds that appellant stipulated to this element and so may not challenge whether the State introduced sufficient evidence to support it.

4

A defendant may stipulate to the evidence against him. *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). A stipulation "is a kind of judicial admission" which has the effect of "withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* (internal quotation marks omitted). For this reason, a defendant who stipulates to an essential element of a charge against him waives any right to argue on appeal that the evidence is insufficient to prove the stipulated element. *Martin v. State*, 200 S.W.3d 635, 640 (Tex. Crim. App. 2006); *Bryant*, 187 S.W.3d at 400. Appellant does not contest the effect of a stipulation in general, but argues that his stipulation encompassed only the fact of the conviction but not that it involved family violence. The State responds that appellant adopted the prosecutor's assertion that the conviction memorialized by State's Exhibit 1 involved family violence.

Appellant argues correctly that unsworn comments and arguments of counsel during trial are not evidence. *Gonzales v. State*, 474 S.W.3d 345, 350 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). However, the undisputed assertion of trial counsel regarding an event that occurred in court will be taken as true if (1) the event could not have occurred without being noticed and (2) "the assertion is of the sort that would provoke a denial by opposing counsel if it were not true." *Thieleman v. State*, 187 S.W.3d 455, 458 (Tex. Crim. App. 2005). If those two conditions are met, "the opposing party may be held to have adoptively admitted the assertion." *Id.*; *see Mungaray v. State*, 188 S.W.3d 178, 184 (Tex. Crim. App. 2006). After the State rested, the following exchange occurred regarding State's Exhibit 1:

| | |
|---|---|
| [Prosecution]: | When the jury comes out the Defense has agreed to stipulate on the record about the prior, State's Exhibit No. 1. |
| The Court: | So you don't need another witness? |
| [Prosecution]: | Correct. |
| The Court: | Is that your understanding? |
| [Defense]: | Yes, Judge. |
| The Court: | All right. That's fine. What I'll do is bring the jury in, I'll explain to them. You will close. Rest and rest. |
| [Prosecution]: | Do I need to reopen for that? |
| The Court: | Yes. You will reopen for that purpose right now. Bring the jury in, please. |

(Jury enters courtroom.)

| | |
|---|---|
| The Court: | Have a seat, please. State ready? |
| [Prosecution]: | Yes, Your Honor. |
| The Court: | Anything else? |
| [Prosecution]: | Yes. The State at this time would like to reopen for the purposes of admitting State's Exhibit No. 1 on the record at this time. The Defense has agreed to stipulate to the prior. |
| The Court: | I will allow you to reopen for that purpose only. Is that your understanding, Ms. Ramos? |
| [Defense]: | That is our understanding. |
| [Prosecution]: | That State at this time would like to admit State's Exhibit No. 1 and publish to the jury at this Cause No. 2002851, the charge State of Texas vs. Esteban Coleman for assault family violence and I'm tendering to Defense counsel. |
| [Defense]: | No objection. |

6

The Court:        It will be admitted.

Based on the above record, we agree that appellant adopted the prosecutor's undisputed assertion regarding the stipulation. Appellant's stipulation could not have passed without notice and the prosecutor's assertion about it would have drawn a denial if it was not true. *See Thieleman*, 187 S.W.3d at 458; *see also Wingfield*, 481 S.W.3d at 379 (observing that whether the prior conviction involved family violence is an essential element of the offense). We therefore take as true that appellant's stipulation included that his conviction in cause number 2002-8051-1 involved family violence. And appellant's stipulation means he may not now challenge the sufficiency of the evidence for that element of the offense. *See Martin*, 200 S.W.3d at 640; *Bryant*, 187 S.W.3d at 400; *see also Sanchez v. State*, No. 13-15-00223-CR, 2016 WL 872535, at *2 (Tex. App.—Corpus Christi Feb. 18, 2016, no pet.) (mem. op., not designated for publication). We overrule appellant's first issue.

**B. Jury Charge Error**

Appellant argues in his second issue that he suffered egregious harm from an error in the jury charge.

**1. Applicable Law**

Our first task when analyzing a jury-charge issue is to determine whether error exists. *Phillips v. State*, 463 S.W.3d 59, 64 (Tex. Crim. App. 2015). A jury charge is fundamentally defective if it does not set out all of the essential elements of the charged offense. *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013). If we find error, we then perform a harm analysis. *Phillips*, 463 S.W.3d at 64–65. Preservation of error

7

does not become an issue until the second step of the analysis, where it determines the degree of harm that requires reversal.   *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

### 2.  Analysis

The jury charge informed the jury of the enhancement offense and that "[t]o this enhancement offense the defendant has plead [*sic*] Guilty."   However, the charge did not set out that a previous conviction involving family violence was an essential element of the charged offense.   Appellant argues that this omission was error because a jury charge must include each essential element of the offense.[1]   The State responds that there is no error in the charge because appellant stipulated to that element of the offense.

The trial court must give the jury a written charge setting forth the law applicable to the case.   TEX. CODE CRIM. PROC. ANN. art. 36.14 (West, Westlaw through 2015 R.S.); *Celis*, 416 S.W.3d at 423.   This requirement applies to jurisdictional elements such as prior convictions.   *Martin*, 200 S.W.3d at 639.   Thus, when a defendant stipulates to a jurisdictional prior conviction, the charge must instruct the jury regarding "the existence and legal effect of the defendant's stipulation."   *Id.* at 641.   However, the Court in *Martin* did not hold that the stipulated element must be set out in the charge as an element the State must prove, but reaffirmed that a stipulation to an essential element "obviates the need for evidentiary proof of that element."   *See id.*; *see also Bryant*, 187 S.W.3d at 400 (observing that a stipulated fact may "be taken for granted; so that the one party need

---

[1] Appellant also argues that the charge was erroneous because it stated he pled guilty to the previous offense when he actually did not admit it involved family violence.   We reject appellant's argument because we have already concluded that his stipulation included that his previous conviction in cause number 2002-8051-1 involved family violence.

8

offer no evidence to prove it, and the other is not allowed to disprove it"). Appellant does not argue the jury was not properly informed of the legal effect of the stipulation, and we have found no case law requiring that the charge do more. Based on *Bryant* and *Martin*, we hold that the charge was not erroneous. *See Martin*, 200 S.W.3d at 641*; see also Bryant*, 187 S.W.3d at 400. We overrule appellant's second issue.

## C. Ineffective Assistance

Appellant argues in his third issue that his trial counsel was ineffective for failing to object to error in the jury charge and to improper argument by the State.

### 1. Standard of Review and Applicable Law

We evaluate claims that trial counsel was ineffective under the standard articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Reversal under *Strickland* requires a defendant to show both (1) that his counsel performed deficiently and (2) that the deficient performance prejudiced the defendant's case. *Id.*; *see Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard).

A defendant establishes the deficient-performance prong by showing that the quality of his counsel's professional assistance fell below an objective standard of reasonableness. *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012). We evaluate the quality of trial counsel's assistance by reference to the "competence demanded of attorneys in criminal cases as reflected by prevailing professional norms." *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). As part of this evaluation, we indulge a strong presumption that counsel's conduct was professionally reasonable and the result of sound trial strategy. *Id.* at 307–08.

9

A defendant establishes the prejudice prong of *Strickland* by showing that there is a reasonable probability that the outcome of the trial would have been different but for trial counsel's errors. *Ex parte Napper*, 322 S.W.3d 202, 248 (Tex. Crim. App. 2010). A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Strickland*, 466 U.S. at 694. The "ultimate focus" of the prejudice inquiry is "on the fundamental fairness of the proceeding whose result is being challenged." *Ex parte Saenz*, No. WR-80,945-01, ___ S.W.3d ___, ___, 2016 WL 1359214, at **5–6 (Tex. Crim. App. Apr. 6, 2016) (quoting *Strickland*, 466 U.S. at 696).

An ineffective-assistance claim "must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (internal quotation marks omitted). For this reason, direct appeal is usually an inadequate vehicle for raising an ineffective-assistance claim because the record is frequently undeveloped. *Id.* at 592–93. This is true for the deficient-performance prong because trial counsel usually must be afforded an opportunity to explain her challenged actions before a court concludes that her performance was deficient. *Id.* at 593. If trial counsel has not had an opportunity to explain, we will not find deficient performance unless the conduct "was so outrageous that no competent attorney would have engaged in it." *Id.*; *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

### 2. Analysis

Appellant argues that his trial counsel performed deficiently because she did not object to (1) the alleged jury charge error we discussed above and (2) the State's assertion in closing argument that State's Exhibit 1 showed that appellant was "convicted of a prior assault family violence." The State replies that the issue is without merit because the record is silent regarding the strategy of appellant's trial counsel.

Appellant's trial counsel has not had an opportunity to explain her trial strategy, and we may not find deficient performance unless her challenged conduct "was so outrageous that no competent attorney would have engaged in it." *Menefield*, 363 S.W.3d at 592. Appellant argues there can be no possible reasonable trial strategy in failing to object to the omission in the jury charge and the State's argument regarding the stipulation. We disagree because we have already held that appellant stipulated both to his prior conviction and that it involved family violence. A decision not to make either objection is fully consistent with that stipulation.

To the extent that appellant argues it was deficient performance for his counsel to permit him to stipulate to that element at all, we disagree because the potential benefits of stipulating to a prior conviction are well recognized. A stipulation to a prior conviction reduces the danger of unfair prejudice to the defendant by preventing the State from introducing otherwise admissible evidence of that conviction. *See Martin*, 200 S.W.3d at 638; *Tamez v. State*, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000). Pursuing the benefits of a stipulation could have been part of a reasonable trial strategy, and with a silent record we must presume that appellant's counsel was pursuing such a strategy. *See Ex parte Saenz*, ___ S.W.3d at ___, 2016 WL 1359214, at *6 (observing that

11

appellate courts "commonly will assume a strategic motivation if any can possibly be imagined" when evaluating whether trial counsel's performance was deficient). We conclude that appellant has not overcome the strong presumption that his counsel's actions were part of a reasonable trial strategy.

Having concluded that appellant did not meet the deficient-performance prong of *Strickland*, we need not address the prejudice prong. *See* 466 U.S. at 697; *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012). We overrule appellant's third issue.

### III. MODIFICATION

Our review of the record has revealed two incorrect portions of the judgment of conviction. First, the judgment recites that the jury assessed punishment but the record reflects that appellant elected for the trial court to do so. Second, the judgment recites that appellant pled true to the enhancement paragraph[2] when he actually stipulated to a copy of the judgment of conviction in that case. Appellate courts have the authority to modify the judgment to make it speak the truth if the proper information to do so is available from any source. *See* TEX. R. APP. P. 43.2(b) (authorizing appellate courts to modify the judgment and affirm as modified); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc). We modify the judgment to reflect that sentence was imposed by the trial court and that appellant did not enter a plea to the first enhancement paragraph.

---

[2] The enhancement paragraph we refer to here elevated the sentencing range for the offense and is distinct from the jurisdictional allegation of a prior conviction that we addressed under appellant's first issue. *See* TEX. PENAL CODE ANN. § 12.42(a) (West, Westlaw through 2015 R.S.).

12

## IV. Conclusion

We affirm the trial court's judgment as modified.

NORA L. LONGORIA,
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed the
2nd day of September, 2016.